IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAINT XAVIER UNIVERSITY, | ) |
| Plaintiff, | ) Case No. _____ |
| v. | ) |
| ROCCO MOSSUTO, | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES Plaintiff Saint Xavier University, by and through its attorneys, and for its Complaint against Defendant Rocco Mossuto, alleges as follows:

### PARTIES

1. Plaintiff Saint Xavier University, ("SXU") is a nonprofit corporation organized under the laws of the state of Illinois that operates Saint Xavier University, located in Chicago. Founded in 1846, Saint Xavier University has approximately 3,600 students enrolled in its undergraduate and graduate programs.

2. Defendant Rocco Mossuto ("Mossuto") is an individual who, upon information and belief, resides in Cook County. Starting in 2014 and ending in June 2020, Mossuto was SXU's head baseball coach.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Count I (federal trademark infringement) because it arises under the laws of the United States. This Court has supplemental jurisdiction over Count II for conversion pursuant to 28 U.S.C. § 1367 because it arises out of a common nucleus of operative facts with the claim set forth in Count I.

54291759;9

4. This Court may exercise personal jurisdiction over the Defendant because he resides in the State of Illinois and, upon information and belief, this District.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because, upon information and belief, the Defendant is located in this District and because a substantial part of the events giving rise to the claims in this action took place in this District.

## GENERAL ALLEGATIONS

### Background

6. SXU's athletic teams are called the Cougars.

7. During all relevant times, SXU has been the owner of an account on the social media platform Twitter on which it publishes information about SXU and its baseball program. The account is named "SXUBaseball" (the "SXU Twitter Account").

8. SXU also owns and operates other Twitter accounts relating to its athletics programs that follow a similar naming convention. These include SXUFootball, SXUSoftball, SXUWSoccer, SXUVolleyball, SXUWBasketball, SXUMensSoccer, SXUMensVolleyball, SXUBowling, SXUCheer, SXU_MBB and SXU_Golf.

9. In 2014, Mossuto became the head coach for SXU's baseball program.

10. In June of 2020, Mossuto was terminated by SXU.

11. After being terminated, without authorization from SXU, Mossuto took sole possession and control of the SXU Twitter Account by changing the login information for those accounts.

12. SXU requested Mossuto to return possession and control of the SXU Twitter Account to it, but for a period of weeks, Mossuto refused.

13. Without authorization from SXU, despite having been terminated by SXU, Mossuto used the SXU Twitter Account to publish statements to the public using the account.

14. Mossuto's unauthorized tweets on the SXU Twitter Account disparaged SXU and misrepresented SXU's positions to current students, prospective students including prospective SXU athletes, SXU alumni, SXU donors, and the rest of the public. Because Mossuto published his tweets on the SXU Twitter Account, Mossuto made it appear that the tweets were published by SXU.

15. Upon information and belief, Mossuto's unauthorized tweets damaged SXU's reputation, fundraising efforts, and ability to recruit students, including by dissuading prospective students and student athletes from considering or attending SXU, by dissuading prospective employees including for the Athletics department from considering employment at SXU, and by dissuading donors from supporting SXU.

16. Weeks after taking possession of the SXU Twitter Account and after publishing his unauthorized tweets using the account, Mossuto returned control over the account to SXU.

17. However, around the time that that Mossuto returned control of the "SXUBaseball" twitter account to SXU, Mossuto created a new Twitter account with the user name "SXU_Baseball" and the display name "SXUBaseball" (the "Infringing Twitter Account").

18. The user name of Mossuto's Infringing Twitter Account is identical to the actual, official SXU Twitter Account except for the addition of an underscore ("_") between SXU and Baseball. Furthermore, the display name Mossuto used on the Infringing Twitter Account (SXUBaseball) is identical to the name of the official SXU Twitter Account.

19. Mossuto created and designed the Infringing Twitter Account to confuse the public into thinking it is SXU's official twitter account for SXU baseball.

3

20. The owner of a Twitter account can enter information into a field called "bio." When a user looks at that Twitter account's main page, whatever was entered into the "bio" field appears directly below the Twitter account name.

21. As can be seen in the screenshot below, viewing the Infringing Twitter Account's Twitter page in late July revealed that Mossuto set the account's bio to state "St. Xavier University Baseball," along with the hashtag phrase "#FreeRocco":



22. Rocco is Mossuto's first name.

23. In fact, the Infringing Twitter Account is neither owned nor authorized by or associated with "St. Xavier University Baseball."

24. Writing "St. Xavier University Baseball" in the bio area of the Infringing Twitter Account was a further act by Mossuto to attempt to confuse the public into believing the Infringing Twitter Account is owned or associated with SXU, and thus, that tweets sent from that account are authorized by SXU and reflect its views.

25. As can be seen in the following screenshot, at some point between late July and early August, Mossuto changed the bio of the Infringing Twitter Account to state "The Saint Xavier University baseball account" and changed the display name to state "Saint Xavier University baseball":

4



26. Mossuto's Infringing Twitter Account is not "The Saint Xavier University baseball account."

27. As can also be seen in the screenshot above, Mossuto has set the avatar representing the Infringing Twitter Account (the "Infringing Avatar") to be an exact copy of the SXU athletic program's cougar mascot trademark (the "Cougar Trademark").

28. SXU's Cougar Trademark is used by SXU in many ways in connection with its athletics program, including on SXU's website sxucougars.com. As can be seen on the right side of the following screenshot from that website, SXU sometimes uses its Cougar Trademark superimposed over a red letter "X", standing for Xavier, exactly as copied by the Infringing Avatar:



5

54291759;9

29. Mossuto has used the Infringing Twitter Account to disseminate statements that were not from or authorized by SXU while making it appear by infringing SXU's trademarks that the statements were made or authorized by SXU.

30. Mossuto used SXU's trademarks in connection with these and other tweets without authorization with the intent to harm SXU and willfully mislead the public into believing the tweets were made or authorized by SXU.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

## 15 U.S.C. § 1125(a)

31. Plaintiff SXU repeats and re-alleges Paragraphs 1 through 30 as though fully set forth here.

32. "Saint Xavier University", "SXU", "SXUBaseball", and the Cougar Trademark are federal common law trademarks owned by SXU (the "Asserted Trademarks"). The Asserted Trademarks have been used by SXU for years in connection with a variety of services provided by SXU in commerce in the United States under those marks, including the provision of information about the university and its athletics program.

33. The Asserted Trademarks are inherently distinctive.

34. Mossuto is using the marks Saint Xavier University, SXU_Baseball, and the Infringing Cougar Avatar (together, the "Infringing Marks") to disseminate disparaging and false communications about SXU and its athletics program in a deliberate attempt to confuse the consuming public into believing that his communications are from, or authorized by, SXU.

35. The Infringing Marks being used by Mossuto are confusingly similar to, if not identical with, SXU's corresponding Asserted Trademarks.

36. Mossuto does not have SXU's consent or authorization to use the Infringing Marks.

37. Mossuto does not have reasonable grounds to believe that his use of the Infringing Marks is lawful.

38. By using the Infringing Marks, Mossuto is knowingly and intentionally using in commerce terms, symbols, and false designations of origin in a manner that is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, connection, or association with SXU.

39. Mossuto's use of the Infringing Marks has created a likelihood of confusion among consumers that SXU has sponsored or approved of the tweets disseminated by Mossuto.

40. Mossuto's continued and knowing use of the Infringing Marks constitutes intentional infringement and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

41. As a direct and proximate result of Mossuto's infringement, SXU has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill, entitling SXU to both monetary damages and injunctive relief.

42. Upon information and belief, unless enjoyed, Mossuto will continue his infringing actions and therefore cause further irreparable harm.

43. As a result of Mossuto's willfulness, SXU is further entitled to enhanced damages and an award of its reasonable attorneys' fees.

## COUNT II

## CONVERSION

44. Plaintiff SXU repeats and re-alleges paragraphs 1 through 43 as though fully set forth in this paragraph.

45. SXU is, and always has been, the exclusive owner of the Twitter account named SXUBaseball.

46. In June 2020, Mossuto wrongfully took possession of the SXUBaseball Twitter account.

47. SXU demanded that Mossuto return possession of the SXUBaseball account to SXU, but for a period of weeks, Mossuto refused.

48. Mossuto's assumption of control, dominion, and/or ownership over the SXUBaseball account was wrongful and without authorization.

49. As a result of Mossuto's wrongfully taking control and possession of the SXUBaseball account, Mossuto caused SXU great financial harm.

WHEREFORE, Plaintiff prays for relief in its favor and against Defendant as follows:

A. Finding that Defendant has infringed Plaintiff's Asserted Trademarks and that the infringement was willful;

B. Permanently enjoining and restraining Defendant, and all those in active concert or participation with him, from using, in any fashion, the terms Saint Xavier Univeristy, SXU, SXUBaseball, or SXU_Baseball, the Infringing Avatar, or any trade name, trademark or service mark confusingly or deceptively similar to any of the Asserted Marks, including but not limited to as part of the name or other identification or description of a social media account or internet website or page;

8

C. Ordering Defendant and all those in active concert or participation with him to immediately deliver to Plaintiff all information necessary to login to and take control and ownership of the Twitter account SXU_Baseball and any other of Defendant's social media or internet accounts using or containing a name confusingly similar to any of the Asserted Marks;

D. Awarding Plaintiff damages for the harm and damages it sustained by virtue of Defendant's infringement and conversion, together with pre-judgment and post-judgment interest;

E. Directing that the award of damages for infringement be trebled because of Defendant's willful actions;

F. Awarding Plaintiff its costs and reasonable attorneys' fees and expenses;

G. Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof; and

H. Awarding Plaintiff such other and further relief as the Court deems just and proper.

**Jury Demand**

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: September 2, 2020

/s/Amy Moor Gaylord
Amy Moor Gaylord
Illinois ARDC No. 6243522
Akerman LLP
71 S. Wacker Drive
46th Floor
Chicago, IL 60606
Phone: 312-870-8027
Fax: 312-424-1900
amy.gaylord@akerman.com

10

54291759;9